J-S43034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE PITTS | : | |
| | : | |
| Appellant | : | No. 3058 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 29, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004604-2012

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

CONCURRING/DISSENTING MEMORANDUM BY KUNSELMAN, J.:

**FILED MAY 6, 2025**

I agree with the majority that part of Pitts' sentence was illegal. The trial court erred in imposing a maximum sentence of 12 years' incarceration for attempted criminal trespass, where the law provides the maximum sentence for a second-degree felony is 10 years. Indeed, the trial court acknowledged this error in its Rule 1925(a) opinion. Trial Court Opinion, 5/10/24, at 2. Additionally, as the Commonwealth concedes, because both attempted crimes in this case stem from Pitts' efforts to enter and burglarize Rivers' home, Pitts could not be sentenced for both inchoate crimes. Therefore, Pitts' sentence for attempted criminal trespass was illegal and must be vacated.

Regarding Pitts' challenge to the discretionary aspects of his sentence for attempted burglary, however, I disagree with the Majority that this claim

merits no relief. Although a sentence of 6-12 years' incarceration was within the guidelines and usually would not constitute an abuse of discretion, under these facts, I would find an abuse occurred, and I would remand for resentencing on this crime.

Here, Pitts claims that his sentence for attempted burglary was unreasonable and manifestly excessive.[1] Pitts argues that the trial court initially suggested a sentence of 5 to 10 years but changed it when Pitts' counsel objected that it was too high; thereafter, the court imposed a sentence of 6 to 12 years' incarceration. Pitts' Brief at 21. Pitts further argues that the trial court failed to consider his rehabilitative needs and mitigating factors including, his good behavior and work as an aid on the veteran's unit while in prison, his prior good work history and opportunity of a job once released, and his prior drug use which led him to commit crimes. *Id.* at 22. Instead, Pitts maintains that the court based his sentence on his repeat felon status, which was already considered under the guidelines, and that he showed no remorse. *Id.* at 21.

In my opinion, the record demonstrates that the trial court acted with "partiality, prejudice, bias or ill will" towards Pitts. As Pitts maintains, the trial

---

[1] Curiously, the trial court does not address Pitts' arguments regarding the discretionary aspects of his sentence in his Rule 1925(a) opinion. Instead, it briefly discusses that Pitts was a second-strike offender, which he was not. The trial court completely overlooked that the PCRA court vacated Pitts' first sentence because the Commonwealth did not establish the predicate first strike against him. *See* Trial Court Opinion, 5/10/24, at 2. This led to Pitts' resentencing which is now the subject of this appeal. It is unclear why the court made any reference to a second-strike in its opinion.

court initially proposed a sentence of 5 to 10 years' incarceration as reasonable, and the Commonwealth agreed. However, once Pitts' counsel objected to the sentence being too long, the court's attitude changed. The following exchange reflects this:

**THE COURT**: So he's got in 60 months. What should I give him.

**[THE COMMONWEALTH]**: We would say on the higher end.

**THE COURT**: Five to ten?

**[THE COMMONWEALTH]**: Yes.

**THE COURT**: Five to ten seems pretty reasonable.

**[DEFENSE COUNSEL]**: It doesn't sound good to me.

**THE COURT**: It doesn't?

**[DEFENSE COUNSEL]**: No.

**THE COURT**: He's a re-fel. Let's go through the convictions and --

**[DEFENSE COUNSEL]**: First off --

**THE COURT**: Wait. Maybe we'll come up with something more. Wait a second. I want to see what the re-fel is.

N.T., 6/29/23, at 5-6. The court proceeded to review each of Pitts' convictions and reconsidered its sentence stating:

**THE COURT**: Then this would be his eighth conviction for felonies, and he went to a jury trial and lost. You think I should give him less than the guidelines for some reason? I'm thinking it's an aggravated range kind of sentence when you've had eight felony convictions.

*Id.* at 7-8.

- 3 -

After some discourse between the court, defense counsel, and Pitts, the court again indicated that it was giving Pitts' a 5 to 10-year sentence. *Id.* at 13. But when Pitts' counsel tried to ask Pitts about what he learned while incarcerated, the court interrupted:

> **[DEFENSE COUNSEL to Pitts]**: What have you learned since being in --
>
> **THE COURT**: Absolutely nothing. Six to twelve years. Do you understand your sentence?
>
> **[PITTS]**: Six to twelve years?
>
> **THE COURT**: Yes.
>
> **[PITTS]**: I've got seven years in.
>
> **THE COURT**: Yeah. You get credit for every day.

*Id.* at 18.

The court again threatened a longer sentence when Pitts asked the court what relief he was receiving for having been wrongly sentenced years ago:

> **[PITTS]**: What is the relief?
>
> **THE COURT**: You got ten to twenty. I gave [you] six to twelve. The last I checked six to twelve is a lot less than ten to twenty. Last I checked, that [is] four years less. I can give you some more if you want. Would you like some more?
>
> **[PITTS]**: No

*Id.*

The record demonstrates that the trial court punished Pitts for exercising his right to speak at the sentencing hearing, when Pitts objected to the proposed sentence and tried to explain why he should receive a lesser

sentence. The court's action in raising the initial sentence it proposed (and to which the Commonwealth agreed), is analogous to a judge imposing a greater sentence after a defendant successfully appeals or obtains post-trial relief or has a new trial. Appellate courts have found that conduct to be vindictive. *See e.g.*, *Commonwealth v. Ali*, 197 A.3d 742, 761 (Pa. Super. 2018). I believe the court's conduct here was similarly vindictive.

Additionally, the record shows that, throughout the resentencing, the trial court was argumentative with counsel and Pitts. The court ignored counsel and Pitts' statements and responded sardonically. I would conclude that the trial court exhibited ill will toward Pitts in raising its initial sentence of 5 to 10 years to 6 to 12 years.

I would further conclude that the trial court failed to consider Pitts' rehabilitative needs and mitigating factors. My review of the sentencing transcript shows that the court was uninterested in reviewing the prison adjustment report which the Commonwealth requested. Pitts' counsel repeatedly tried to highlight Pitts' good behavior while he was in prison for these crimes for the past 7 years, as well as Pitts' prior work record. However, the court interrupted counsel's statements, argued with counsel and Pitts, and ignored the evidence presented on Pitts' behalf. Instead, the court focused on Pitts' history of felonies.

I acknowledge that Pitts' recidivism was a significant factor. However, as Pitts maintains, this was already accounted for in his prior record score. What had not yet been accounted for, was Pitts rehabilitation over the years

while he was incarcerated. The posture of this case is unique in that the court did not have to speculate how incarceration would impact Pitts, because it had the benefit of looking back to see how Pitts had changed. However, the court did not take advantage of this information and failed to consider this important factor in sentencing Pitts. Despite Pitts' history of felonies, the court was not free to ignore his rehabilitation. **See** 42 Pa.C.S.A. § 9721(b).

Our Supreme Court has explained:

[t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions.

Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

**Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) (citations omitted). Given that the trial court exhibited ill will towards Pitts by increasing the sentence it originally suggested, and that the court failed to consider Pitts' rehabilitative needs and mitigating factors, I would conclude that the trial court abused its discretion when it sentenced Pitts, and I would remand for resentencing on the attempted burglary conviction.

For the above reasons, I concur and dissent with the Majority decision.